**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

JOSEPH ARUANNO,                     :        Civil Action: 07-2789 (JBS)
                                    :
              Plaintiff,            :
                                    :        **OPINION**
        v.                          :
                                    :
WAYNE BLODGETT, et al.,             :
                                    :
              Defendants.           :
_____     :

**APPEARANCES:**

        JOSEPH ARUANNO, #309246, Plaintiff <u>Pro</u> <u>Se</u>
        Northern Regional Unit - Special Treatment Unit
        P.O. Box 699
        Kearny, New Jersey  07032-0699

**SIMANDLE**, District Judge:

        Plaintiff Joseph Aruanno, civilly committed to the Northern
Regional Unit, seeks to file a Complaint alleging violation of
his constitutional rights, pursuant to 42 U.S.C. § 1983.  Having
thoroughly reviewed Plaintiff's allegations and his affidavit of
poverty, this Court will grant <u>in</u> <u>forma</u> <u>pauperis</u> status pursuant
to 28 U.S.C. § 1915(a) and dismiss the Complaint for lack of
jurisdiction.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

**I.  BACKGROUND**

        Plaintiff sues 27 defendants, including judges, court
administrators, prosecutors and private attorneys, for violation
of his constitutional rights under 42 U.S.C. § 1983.  Plaintiff
asserts the following facts, which this Court is required to
regard as true for the purposes of this review.  <u>See</u> <u>Stevenson</u> <u>v.</u>

Carroll, 495 F. 3d 62, 66 (3d Cir. 2007) (citing Markowitz v. Northeast Land Co., 906 F. 2d 100, 103 (3d Cir. 1990)). Plaintiff asserts that he seeks to appeal the outcome of a lawsuit he litigated in the New Jersey courts against the first 12 defendants. He alleges that his case was dismissed by the state trial court and the Appellate Division and New Jersey Supreme Court illegally affirmed the dismissal. He brings this Complaint against the defendants named in his state-court action; James Birchmeier and Stephen Holtzman, the attorneys who represented them; Superior Court Judges Mary Colalillo and Michael Kassel, to whom the case was assigned at the trial level; the Appellate Division judges who affirmed the dismissal; the governor; the state attorney general.

Plaintiff attached a copy of the state court complaint to his pleadings. The action involves alleged "crimes and violations" that allegedly occurred between August 2000 and July 2003, while Plaintiff was incarcerated at Riverfront State Prison in Camden, New Jersey. (Compl., attachment.) Plaintiff complains that state judges ruled against him, court employees failed to reassign the case to an appropriate judge, and state and federal prosecutors improperly failed to bring criminal charges against the named defendants.

Plaintiff asserts that, "since now I have just completed or exhausted all state remedies, agencies, appeals, I now turn to

the Federal Courts with this complaint."  (Civil Compl., p. 3.)
He seeks the following relief:  "I am asking for ten million
dollars in punitive damages as well as declaratory and injunctive
relief in light of the lower courts refusal to act in the name of
justice."  (Compl. ¶ 7.)

## II.  LEGAL STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-
134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996),
requires the Court, prior to docketing or as soon as practicable
after docketing, to review a complaint in a civil action in which
a plaintiff is proceeding in forma pauperis.  See 28 U.S.C. §
1915(e)(2)(B).  The PLRA requires the Court to sua sponte dismiss
any claim if the Court determines that it is frivolous,
malicious, fails to state a claim on which relief may be granted,
or seeks monetary relief from a defendant who is immune from such
relief.  Id.

"A document filed pro se is to be liberally construed, and a
pro se complaint, however inartfully pleaded, must be held to
less stringent standards than formal pleadings drafted by
lawyers."  Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007)
(citations and internal quotation marks omitted); see also Haines
v. Kerner, 404 U.S. 519, 520 (1972).  "Federal Rule of Civil
Procedure 8(a)(2) requires only 'a short and plain statement of
the claim showing that the pleader is entitled to relief.'

3

Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson, 127 S. Ct. at 2200 (citations and internal quotation marks omitted).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Thomas v. Independence Tp., 463 F.3d 285, 296-97 (3d Cir. 2006); Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004). However, a court should not dismiss a complaint with prejudice for failure to state a claim without providing leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction. Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).

As the Supreme Court stated in Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986),

> it is appropriate to restate certain basic principles that limit the power of every federal court.  Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto.

Id.

Article III of the Constitution provides:

> The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;--to all Cases affecting Ambassadors, other public Ministers and Consuls;--to all Cases of admiralty and maritime Jurisdiction;--to Controversies to which the United States shall be a Party;--to Controversies between two or more States;-- between a State and Citizens of another State;--between Citizens of different States;--between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

U.S. Const. art. III, § 2.

The essential facts establishing federal jurisdiction must appear on the face of the complaint.  See McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 182, 189 (1936).  The plaintiff, "who claims that the power of the court should be exerted in his behalf . . . must carry throughout the litigation the burden of showing that he is properly in court."

Id. at 189.  Moreover, lack of subject matter jurisdiction may be raised by the Court sua sponte at any time.  See Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152 (1908); Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d 161, 166 (3d Cir. 1998).

   (1)  Diversity Jurisdiction

   The constitutional grant of diversity jurisdiction extends to "Controversies . . . between Citizens of different States." U.S. Const. art. III, § 2; see also 28 U.S.C. § 1332.  Diversity jurisdiction is determined by examining the citizenship of the parties at the time the complaint is filed.  See Smith v. Sperling, 354 U.S. 91 (1957).  As the face of the Complaint at bar indicates that Plaintiff and at least one named Defendant are citizens of New Jersey, the Court does not have diversity jurisdiction over the action.

   (2)  Federal Question Jurisdiction

   A district court may also exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.  Specifically, 42 U.S.C. § 1983 authorizes a person to seek redress for a violation of his or her federal rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of
> any State or Territory . . . subjects, or
> causes to be subjected, any citizen of the
> United States or other person within the
> jurisdiction thereof to the deprivation of
> any rights, privileges, or immunities secured
> by the Constitution and laws, shall be liable
> to the party injured in an action at law,
> suit in equity, or other proper proceeding
> for redress.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

In the instant Complaint, Plaintiff seeks to "appeal" the dismissal of his civil complaint by the state courts.  This Court lacks jurisdiction over such a claim because federal courts have no supervisory power over state courts.  See County of Imperial, California v. Munoz, 449 U.S. 54 (1980); Juidice v. Vail, 430 U.S. 327 (1977); Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281 (1970); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).  As the Supreme Court observed in Atlantic Coast Line Railroad Co., 398 U.S. at 286:

> While the lower federal courts were
> given certain powers in the 1789 Act, they
> were not given any power to review directly
> cases from state courts, and they have not

> been given such powers since that time.  Only
> the Supreme Court was authorized to review on
> direct appeal the decisions of state courts.
> Thus from the beginning we have had in this
> Country two essentially separate legal
> systems.  Each system proceeds independently
> of the other with ultimate review in this
> Court of the federal questions raised in
> either system . . . .  Proceedings in state
> courts should normally be allowed to continue
> unimpaired by intervention of the lower
> federal courts, with relief from error, if
> any, through the state appellate courts and
> ultimately this Court.

Based on the foregoing, this Court lacks jurisdiction over Plaintiff's claims based on Plaintiff's dissatisfaction with the handling of his state litigation by the New Jersey courts.

Plaintiff also sues the defendants named in the state court case and the attorneys representing those defendants.  As the Complaint before this Court asserts no facts to support a federal constitutional violation by the defendants named in the state court proceeding, this Court lacks subject matter jurisdiction over those defendants.  Plaintiff asserts that the attorneys who represented those defendants in the state courts withheld evidence, made false statements to the state court, and obstructed justice.  These claims fail, however, because the attorneys were not acting under color of state law, a prerequisite for a claim under 42 U.S.C. § 1983.

State action exists where the private person's conduct allegedly causing the deprivation of a federal right is "fairly attributable to the State."  Lugar v. Edmondson Oil Co., Inc.,

457 U.S. 922, 937 (1982).  To establish state action, Plaintiff must "show (1) that the attorney defendants' acts were 'the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible' and (2) that the attorney defendants may fairly be said to be state actors." Angelico v. Lehigh Valley Hospital, Inc., 184 F.3d 268, 277 (3d Cir. 1999) (quoting Lugar, 457 U.S. at 937).  A private attorney may be found to be a state actor when (1) he is a state official, (2) he has acted in concert with or has obtained significant aid from state officials, or (3) his conduct is, by its nature, chargeable to the state. Angelico, 184 F.3d at 277.  "Without a limit such as this, private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them." Lugar, 457 U.S. at 937.  But private attorneys "will not be considered state actors solely on the basis of their position as officers of the court." Angelico, 184 F.3d at 277 (citing Polk County v. Dodson, 454 U.S. 312, 325 (1981)).  Providing evidence to the government, without more, is not an action that may be "fairly attributable" to the state under Lugar, 457 U.S. at 937.  See Briscoe v. LaHue, 460 U.S. 325, 329-330 (1983) (private witness's false testimony in a criminal proceeding is not, without more, state action under § 1983); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)

(private person's complaint to the police about a suspected crime is not, without more, state action); Cruz v. Donnelly, 727 F.2d 79, 82 (3d Cir. 1989).  Because, on the facts alleged in the Complaint, the private attorney defendants were not acting under color of state law, this Court lacks subject matter jurisdiction over the allegations against those defendants.

Finally, Plaintiff sues state and federal prosecuting attorneys for failing to bring criminal charges against the other defendants.  However, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Leeke v. Timmerman, 454 U.S. 83, 86 (1981) (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)).  Thus, the claims against those defendants will also be dismissed.

Because Plaintiff's allegations do not present a claim over which this Court has subject matter jurisdiction, this Court is constrained to dismiss the Complaint for want of jurisdiction.

## IV.  CONCLUSION

For the reasons set forth above, the Court dismisses the Complaint.  An appropriate Order accompanies this Opinion.


                              **s/ Jerome B. Simandle**
                              **JEROME B. SIMANDLE, U.S.D.J.**


Dated:   **December 26, 2007**




10